UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| NICHOLAS ALSTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:16-cv-00016-JMS-DLP |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**Entry Denying Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Nicholas Alston for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

**I. The § 2255 Motion**

*Background*

On August 20, 2012, Mr. Alston was charged in an Indictment with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(e). No. 2:12-cr-0025-JMS-CMM-1 ("Crim. Dkt."). On May 20, 2013, Mr. Alston filed a petition to enter a plea of guilty. Crim. Dkt. 26. During the change of plea and sentencing hearing on December 3, 2013, the Court found that Mr. Alston was fully competent and able to enter an informed plea, the plea was made knowingly and voluntarily, and the plea was supported by an independent basis in fact containing each of the essential elements of the offense charged. Crim. Dkt. 38, 39. Mr. Alston was determined to be an armed career criminal pursuant to 18 U.S.C. §§ 922(g)(1) and 924(e)

based on four prior convictions for dealing cocaine. Crim. Dkt. 1; Crim. Dkt. 32. The Court sentenced Mr. Alston to 180 months of imprisonment, the applicable mandatory minimum sentence, to be followed by two years of supervised release. *Id.* Judgment of conviction was entered on December 26, 2013.

Mr. Alston did not appeal his conviction or sentence. On January 12, 2016, Mr. Alston filed this, his first, motion to vacate pursuant to 28 U.S.C. § 2255. After the United States responded, Mr. Alston filed a supplemental claim. The United States supplemented its response and Mr. Alston has replied. The action is now ripe for resolution.

*Discussion*

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under § 2255 is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014) (internal quotation omitted).

Mr. Alston brings the following claims: 1) he is actually innocent of his conviction under the Armed Career Criminal Act in accordance with *Mathis v. United States,* 136 S.Ct. 2243 (2016); and 2) his sentence was improperly enhanced based on his having four dealing in cocaine

convictions which were imposed on the same day in violation of Amendment 709. Dkt. 1; dkt. 16.

The respondent first argues that Mr. Alston's § 2255 motion is barred by the statute of limitations.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations period for § 2255 motions. 28 U.S.C. § 2255(f). For purposes of § 2255(f)(1), that period runs from "the date on which the judgment of conviction becomes final." *Id.* A judgment of conviction becomes final when the conviction is affirmed on direct review or when the time for perfecting an appeal expires. *Clay v. United States,* 537 U.S. 522, 527 (2003). As noted, the judgment of conviction was entered on December 26, 2013. Mr. Alston's conviction became final on January 9, 2014. *Fed. R. App. P.* 4(b)(1)(A). Using the one-year period from the date on which the judgment of conviction became final, Mr. Alston's present motion would have to have been filed by January 9, 2015, to be timely. Applying the prison mailbox rule, *see Houston v. Lack,* 487 U.S. 266, 271 (1988), Mr. Alston's § 2255 motion may be considered to have been filed on the date he placed the motion in the prison mail system, January 2, 2016.[1] That date was almost one year after the § 2255(f)(1) statute of limitations period expired.

Section 2255(f)(3) creates an exception to the one-year statute of limitations for § 2255 petitions. It allows a fresh year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id.* The case Mr. Alston relies on, *Mathis*, was decided on June 23, 2016, but it "has not been declared retroactive by the

---

[1] Mr. Alston's motion to vacate does not contain an affirmation as to the date he placed his motion in the prison mail system, but for purposes of discussion, the Court is allowing the most lenient view of the date the motion was filed, that being the date it was signed.

Supreme Court-nor is it a new rule of constitutional law." *Holt v. United States,* 843 F.3d 720, 722 (7th Cir. 2016). Therefore, *Mathis* did not start a new statute of limitations under 28 U.S.C. § 2255(f)(3) and does not prevent Mr. Alston's motion to vacate from being time-barred. No further discussion of the holding of *Mathis* is warranted.

Even if Mr. Alston's motion to vacate were not time-barred, his claim based on Amendment 709 would provide no relief. Amendment 709 became effective in November 2007, years before Mr. Alston was charged, convicted, and sentenced. "Amendment 709 changed the guidelines to require counting prior sentences separately unless they were imposed on the same day,. . ." *United States v. Alexander,* 553 F.3d 591, 592 (7th Cir. 2009) (internal quotation omitted).

Mr. Alston sold cocaine on four different dates in July 2005. He pled guilty on all four counts in a single day, but the offenses arose on separate occasions. Crim. Dkt. 32; Crim. Dkt. 39, at 22. Section 924(e)(1) provides, in full, that ""[i]n the case of a person who violates section 922(g) of this title and *has three previous convictions* by any court referred to in section 922(g)(1) of this title for a violent felony or a *serious drug offense*, or both, *committed on occasions different from one another,* such person shall be fined under this title and imprisoned *not less than fifteen years*, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g). 18 U.S.C.A. § 924(e)(1) (emphasis added). It is based on the Armed Career Criminal Act ("ACCA") that Mr. Alston's sentence was fifteen years. "Amendment 709, which altered the rules for calculating criminal history under the Sentencing Guidelines, has no relevance to the determination whether a defendant qualifies as an Armed Career Criminal." *United States v. Burton,* 327 Fed. Appx. 666, 667, 2009 WL 1845640 (7th Cir.

June 29, 2009); *United States v. Runnels,* 269 Fed. Appx. 609, 610, 2008 WL 707301 (7th Cir. March 18, 2008) (the guideline rules on counting prior sentences do not apply to the ACCA enhancement for separate crimes). As counsel discussed during sentencing, the Sentencing Guidelines' approach to counting prior sentences in criminal history calculations is different than that which must be followed under the ACCA, 18 U.S.C. § 924(e). Crim. Dkt. 39, at 22-23. *See also United States v. Suggs,* 317 Fed. Appx. 567, 568, 2009 WL 792760 (7th Cir. March 27, 2009) (even if Amendment 709 were applied, "it would have no effect on [the defendant's] guidelines range because he was already assigned the minimum criminal history category for an armed career criminal.").

"The law is full of deadlines, and delay can lead to forfeiture." *Gross v. Town of Cicero, Illinois,* 528 F.3d 498, 500 (7th Cir. 2008). In this case, the deadline to file a motion pursuant to 28 U.S.C. § 2255 passed long before Mr. Alston filed his motion. Mr. Alston's § 2255 motion is time-barred. In addition, even if it were timely filed, his claims lack merit.

### *Denial of Hearing*

An evidentiary hearing is "not required when 'the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Lafuente v. United States,* 617 F.3d 944, 946 (7th Cir. 2010) (quoting 28 U.S.C. § 2255(b)). That is the case here. A hearing is not warranted under these circumstances.

### *Conclusion*

The foregoing shows that Mr. Alston is not entitled to relief pursuant to 28 U.S.C. § 2255. The motion for relief pursuant to § 2255 is therefore **DENIED.** Judgment consistent with this Entry shall now issue.

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2255 Proceedings*, and 28 U.S.C. § 2253(c), the Court finds that Mr. Alston has failed to show that reasonable jurists would find it "debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **DENIES** a certificate of appealability.

This Entry shall also be entered on the docket in the underlying criminal action, No. 2:12-cr-0025-JMS-CMM-1.

**IT IS SO ORDERED.**

Date: 5/3/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

NICHOLAS ALSTON
10972-028
SANDSTONE - FCI
SANDSTONE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1000
SANDSTONE, MN 55072

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov