UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| NICHOLAS ALSTON, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 2:16-cv-00016-JMS-DLP |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) ) |

**Order Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255
And Denying a Certificate of Appealability**

Petitioner Nicholas Alston filed this motion for relief pursuant to 28 U.S.C. § 2255 challenging the enhancement of his sentence. The Court previously denied his motion for relief, but then vacated that ruling to permit him to present an argument under *Mathis v. United States*, 136 S. Ct. 2243 (2016). For the reasons explained in this Entry, Mr. Alston's motion for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice.

In addition, the Court finds that an evidentiary hearing is not required and a certificate of appealability should not issue.

### I. The § 2255 Motion

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28

U.S.C. § 2255(a). "Relief under § 2255 is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014) (internal quotation omitted).

## II. Factual and Procedural Background

A. *Plea and Sentencing*

On August 20, 2012, Mr. Alston was charged in an Indictment with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). No. 2:12-cr-0025-JMS-CMM-1 ("Crim. Dkt."). On May 20, 2013, Mr. Alston filed a petition to enter a plea of guilty. Crim. Dkt. 26. During the change of plea and sentencing hearing on December 3, 2013, the Court accepted Mr. Alston's plea. Crim. Dkt. 38, 39. The Court went on to find Mr. Alston to be an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), based on four prior convictions for dealing cocaine. Crim. Dkt. 1; Crim. Dkt. 32. The Court sentenced Mr. Alston to 180 months of imprisonment, the applicable mandatory minimum sentence, to be followed by two years of supervised release. *Id.* Judgment of conviction was entered on December 26, 2013. Crim. Dkt. 41. Mr. Alston did not appeal his conviction or sentence.

B. *Initial § 2255 Proceedings*

On January 12, 2016, Mr. Alston filed this motion to vacate pursuant to 28 U.S.C. § 2255. He asked to be resentenced under Amendment 709 to the Sentencing Guidelines, arguing that his four prior felony drug convictions, which led to his ACCA enhancement, do not qualify as separate offenses. Dkt. 1. In response, the United States argued that Mr. Alston's motion was time-barred, Mr. Alston's prior convictions were four separate charges that occurred on separate dates, and Amendment 709 was already in effect at the time of his sentencing. Dkt. 11.

2

On August 29, 2016, Mr. Alston filed an amended § 2255 motion arguing that his drug offenses no longer qualify to support the ACCA enhancement pursuant to *Mathis*. Dkt. 16. The United States responded that *Mathis* did not impact Mr. Alston's prior convictions or sentence. Dkt. 19. The Court denied Mr. Alston's § 2255 motion on May 6, 2018, finding it to be time-barred. Dkt. 29.

C. *Current Proceedings*

On May 9, 2018, the Court vacated its order to the extent that it held that *Mathis* does not apply retroactively to Mr. Alston's claims. Dkt. 31. The Court explained, "the only claim that is being reconsidered is the *Mathis* claim. If additional briefing is needed, the Court will direct the parties to do so." *Id.* On August 22, 2018, the Court requested that the United States supplement the record with *Shepard*[1] documents relating to Mr. Alston's underlying prior convictions. Dkt. 33. The United States objected, contending that Mr. Alston, as the petitioner, bears the burden to produce evidence. Dkt. 34. On September 18, 2018, the Court amended its initial order, and appointed counsel for Mr. Alston to obtain and provide the relevant documentation and file an amended § 2255 motion. Dkt. 35.

On August 7, 2019, Mr. Alston, through counsel, filed an amended § 2255 motion attaching *Shepard* documentation relating to his prior drug convictions and again arguing that he does not have the three prior convictions required for an ACCA enhancement. Dkt. 58. The United States responded, and Mr. Alston did not reply. The motion is now ripe for resolution.

---

[1] A sentencing court may examine certain documents to determine the nature of the defendant's underlying offenses. *United States v. Enoch*, 865 F.3d 575, 580 (7th Cir. 2017). These documents, which are sometimes referred to as "*Shephard* documents," include: "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Id.* (quoting *Shepard v. United States*, 544 U.S. 13, 16 (2005)).

### III. Discussion

In support of his amended § 2255 motion, Mr. Alston argues: (1) under *Mathis* his sentence should not have been enhanced under the ACCA and (2) his prior drug convictions do not qualify as separate convictions to support enhancement under the ACCA.

A. *Mathis Claim*

Mr. Alston argues that, in light of *Mathis*, he was incorrectly classified as an Armed Career Criminal. The ACCA, 18 U.S.C. § 924(e)(1), provides that a defendant, like Mr. Alston, who violates 18 U.S.C. § 922(g) and has three prior convictions for a violent felony or serious drug offense is subject to a mandatory minimum fifteen-year sentence. Mr. Alston contends that his convictions for dealing in cocaine do not qualify as serious drug offenses to support his sentence enhancement.

Under *Mathis*, to determine whether a prior conviction counts as a serious drug offense under the ACCA, courts apply a "categorical" approach that focuses entirely on the elements of the crime of conviction and not on the facts underlying the conviction. 136 S.Ct. 2248. "If the elements of the crime of conviction are broader than the elements of the generic version of the offense—that is, if the crime of conviction criminalizes more behavior—then ACCA does not apply." *United States v. Anderson*, 766 F. App'x 377, 380 (7th Cir. 2019) (citing *Mathis,* 136 S.Ct. at 2248). The ACCA defines a "serious drug offense" as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii).

At Mr. Alston's sentencing, this Court relied on the following four convictions to find that Mr. Alston has four prior convictions for a serious drug offense:

> 1. 2006 Dealing Cocaine, Knox County Indiana, Circuit Court, Cause No. 42C01-0510-FB-145 (on July 14, 2005, Alston delivered cocaine to a CI). Cr. Dkt. 32 ("PSR") ¶ 27.
>
> 2. 2006 Dealing Cocaine, Knox Circuit Court, Cause No. 42C01-0511-FB-146 (on July 18, 2005, Alston delivered cocaine to a CI). *Id.* ¶ 28.
>
> 3. 2006 Dealing Cocaine, Knox Circuit Court, Cause No. 42C01-0511-FB-151 (on July 21, 2005, Alston delivered cocaine to a CI). *Id.* ¶ 29.
>
> 4. 2006 Dealing Cocaine, Knox Circuit Court, Cause No. 42C01-0511-FB-158 (on July 27, 2004, Alston possessed cocaine with the intent to deliver). *Id.* ¶ 30.

Mr. Alston argues that Indiana Dealing in Cocaine or Narcotic Drug is broader in scope than the generic felony. In support of this argument, Mr. Alston presents the charging information as well as the probable cause affidavits used to support his arrest. Dkt. 58-1; dkt. 58-2; dkt. 58-3; dkt. 58-4. The charging information shows that Mr. Alston was charged with Dealing Cocaine in violation of Indiana Code § 35-48-4-1. Dkt. 58-1, p. 1; dkt. 58-2, p. 1; dkt. 58-4, p. 1.

The Seventh Circuit has held that an Indiana conviction for dealing under this statute is a serious drug offense under the ACCA. *See United States v. Williams*, 931 F.3d 570, 574-75 (7th Cir. 2019); *United States v. Anderson*, 766 F. App'x. 377, 381-82 (7th Cir. 2019). The Court notes that the Seventh Circuit has recently held that Indiana convictions for dealing marijuana and for dealing methamphetamine do not qualify as serious drug offenses under the ACCA. *See United States v. Garcia*, 948 F.3d 789, 794 (7th Cir. 2020) (marijuana); *United States v. De La Torre*, 940 F.3d 948, 952 (7th Cir. 2019) (methamphetamine). The conclusions of these cases were based on the finding that the definition of the types of drugs included in the Indiana statutes – Ind. Code § 35-48-2-10 (marijuana) and Ind. Code § 35-48-2-8(b) (methamphetamine) – were broader than the types of drugs found in the federal definition of a felony drug offense. But Mr. Alston has not

shown that Indiana's definition of cocaine or narcotic drug used in Indiana Code § 35-48-4-1 reaches farther than the federal definitions of these substances. In light of the holdings in *Williams* and *Anderson*, the Court finds that he has not shown that an Indiana conviction for dealing cocaine is not a serious drug offense.

Mr. Alston argues that the probable cause affidavits in support of those convictions show that he did not commit acts that satisfy the elements of a "serious drug offense" under the ACCA, but he cannot rely on the probable cause affidavits to support this argument. *See Mathis*, 136 S.Ct. 2248 (court looks to the elements of the statute, not the facts of the specific case); *Shepard*, 544 U.S. at 16 (courts may look to "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented"). Because the Seventh Circuit has found that Indiana dealing is a serious drug offense, Mr. Alston is not entitled to relief under *Mathis*.

B. *Separate Offenses*

Mr. Alston also argues that two of his prior convictions "occurred within less than a two week period . . . ." and therefore the Court must make a factual determination regarding whether these constitute separate offenses for purposes of enhancement under the ACCA. In his initial § 2255 motion, Mr. Alston presented this argument under Amendment 709 to the Sentencing Guidelines. The Court held that Mr. Alston's claim was time-barred. The Court went on to explain:

> Even if Mr. Alston's motion to vacate were not time-barred, his claim based on Amendment 709 would provide no relief. Amendment 709 became effective in November 2007, years before Mr. Alston was charged, convicted, and sentenced. "Amendment 709 changed the guidelines to require counting prior sentences separately unless they were imposed on the same day,. . ." *United States v. Alexander,* 553 F.3d 591, 592 (7th Cir. 2009) (internal quotation omitted).
>
> Mr. Alston sold cocaine on four different dates in July 2005. He pled guilty on all four counts in a single day, but the offenses arose on separate occasions. Crim. Dkt. 32; Crim. Dkt. 39, at 22. Section 924(e)(1) provides, in full, that ""[i]n

> the case of a person who violates section 922(g) of this title and *has three previous convictions* by any court referred to in section 922(g)(1) of this title for a violent felony or a *serious drug offense*, or both, *committed on occasions different from one another,* such person shall be fined under this title and imprisoned *not less than fifteen years*, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g). 18 U.S.C.A. § 924(e)(1) (emphasis added). It is based on the Armed Career Criminal Act ("ACCA") that Mr. Alston's sentence was fifteen years. "Amendment 709, which altered the rules for calculating criminal history under the Sentencing Guidelines, has no relevance to the determination whether a defendant qualifies as an Armed Career Criminal." *United States v. Burton,* 327 Fed. Appx. 666, 667, 2009 WL 1845640 (7th Cir. June 29, 2009); *United States v. Runnels,* 269 Fed. Appx. 609, 610, 2008 WL 707301 (7th Cir. March 18, 2008) (the guideline rules on counting prior sentences do not apply to the ACCA enhancement for separate crimes). As counsel discussed during sentencing, the Sentencing Guidelines' approach to counting prior sentences in criminal history calculations is different than that which must be followed under the ACCA, 18 U.S.C. § 924(e). Crim. Dkt. 39, at 22-23. *See also United States v. Suggs,* 317 Fed. Appx. 567, 568, 2009 WL 792760 (7th Cir. March 27, 2009) (even if Amendment 709 were applied, "it would have no effect on [the defendant's] guidelines range because he was already assigned the minimum criminal history category for an armed career criminal.").
>
> "The law is full of deadlines, and delay can lead to forfeiture." *Gross v. Town of Cicero, Illinois,* 528 F.3d 498, 500 (7th Cir. 2008). In this case, the deadline to file a motion pursuant to 28 U.S.C. § 2255 passed long before Mr. Alston filed his motion. Mr. Alston's § 2255 motion is time-barred. In addition, even if it were timely filed, his claims lack merit.

Dkt. 29, p. 4-5.

When it vacated its denial of Mr. Alston's motion for relief pursuant to § 2255, the Court explained that it intended only to reconsider his *Mathis* argument. In support of his amended motion, Mr. Alston reiterates his argument that his prior drug offenses are not separate offenses, though he bases this argument on the text of the ACCA and not Amendment 709. In any event, he has shown no reason for the Court to revisit its conclusion that the prior offenses were separate offenses and the Court declines to do so.

## IV. Conclusion

The foregoing shows that Mr. Alston is not entitled to relief pursuant to 28 U.S.C. § 2255. The motion for relief pursuant to § 2255 is therefore **DENIED.** Judgment consistent with this Entry shall now issue. **This Entry shall also be entered on the docket in the underlying criminal action, No. 2:12-cr-0025-JMS-CMM-1.**

## V. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2255 Proceedings*, and 28 U.S.C. § 2253(c), the Court finds that Mr. Alston has failed to show that reasonable jurists would find it "debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 3/27/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel